OVER THE ROAD, CITY TRANSFER DRIVERS, HELPERS, DOCKMEN AND WAREHOUSEMEN, INSIDE WORKERS, STATE, COUNTY, AND MUNICIPAL EMPLOYEES, TEAMSTERS 147, Appellees,

v.

WAPELLO COUNTY, Wapello County Board of Supervisors, Wapello County Assessor, and Wapello County Conference Board, Appellants,

and

City of Ottumwa, Iowa, Ottumwa School Board and Ottumwa City Conference Board, Defendants.

No. 87–1362.

Supreme Court of Iowa.

Dec. 21, 1988.

Neil A. Barrick and Lora Jorgensen, Des Moines, for appellee Teamsters 147.

Thomas F. Kintigh, Ottumwa, for appellee city of Ottumwa.

Thomas W. Walter, of Johnson, Bauerle, Hester & Walter, Ottumwa, for appellee Ottumwa Community School Dist.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, NEUMAN and ANDREASEN, JJ.

HARRIS, Justice.

Former employees of a city seek to enforce an arbitration award. At issue is the responsibility to pay for employment benefits which arose prior to abolition of a city assessor's office where plaintiffs had been employed. The trial court fixed responsibility on the office of the county assessor, which succeeded the city assessor when the city office was closed. We reverse and remand.

Under Iowa's statutory scheme certain cities may maintain an assessor's office separate from the office of assessor for the county in which the city is located. *See* Iowa Code § 441.1 (1987). Ottumwa, in Wapello County, long maintained such an office.

In 1984 the city decided for economic reasons to abolish its assessor's office and surrender the responsibilities of that office to the county. Accordingly, Ottumwa's office of city assessor, the city conference board, the city examining board and the city board of review were abolished by ordinance, effective June 30, 1984. The conference board had approximately $12,800 on hand when it ceased to exist and those funds were paid over to and held by the Wapello County auditor's office.

Plaintiffs[1] are a number of employees of the former city assessor who were not hired by the county assessor. They tried unsuccessfully to have the city pay for certain earned benefits for back pay, sick pay and insurance coverage. They then filed their grievances and the matter was

Richard J. Gaumer, of Webber, Gaumer, Emanuel & Daily, P.C., Ottumwa, for appellants Wapello County Assessor and Wapello County Conference Bd.

R.T. Starken, Asst. County Atty., for appellant Wapello County.

---

1. The named plaintiff is the union through which the employees acted. For simplicity we refer to the employees as if they were the named plaintiffs.

submitted for binding arbitration pursuant to their collective bargaining agreement. An award was entered by the arbitrator which is not contested by any of the parties to this action. The only issue is who should pay the amounts awarded.

The award provides that the former employees are to have the benefits paid by "the board or its successor." Plaintiffs brought this action against the city to enforce the terms of the award. The city sought contribution from the county and the local school board. Various cross petitions have been filed.

The court held that the funds being held by the Wapello County auditor should be used to satisfy the arbitration award, so far as possible, and the remaining part of the award should be paid entirely by the county. The county was also ordered to reimburse the city for amounts the city had already spent for insurance coverage.

The Wapello County assessor, the Wapello County conference board, Wapello County and the Wapello County board of supervisors all filed notices of appeal. The Ottumwa school district, although labeled an appellee, argues positions similar to those urged by the appellants.

■ I. A hiatus exists because Iowa has no statutory scheme providing for closing city assessor's offices. Had one been devised the legislature undoubtedly would have specified how to divide the assets and liabilities of the closed offices. Iowa Code section 441.1 provides only that cities with a population between 10,000 and 125,000 may by ordinance *create* the office of city assessor. But there is no provision for abolishing the office and no prohibition against doing so.[2] The trial court stated it "assumed that, if a city can establish a position, it can also abolish the position."

■ Although we find no Iowa authorities on the point the general rule is that, when a city has the power to create an office, it may abolish it. Annotation, *Power to Abolish or Discontinue Office*, 172 A.L.R. 1366, 1383 (1948). *See also*, 56 Am. Jur.2d *Municipal Corporations*, § 239 at 299 (1971); 62 C.J.S. *Municipal Corporations*, § 467 at 899 (1949). Because the city is given the power to create the office of city assessor, the city also has the power to abolish it.

The trial court was correct in so holding.

■ II. The Ottumwa conference board was set up pursuant to Iowa Code section 441.2. It consisted of members of the city council, school board, and county board of supervisors. Each separate group shared one vote. Funds generated by the city assessor's office were appropriated with 42% returned to the city, 36% to the Ottumwa school district, and 20% to the county.

The trial court held that the county should pay the entire award and should reimburse the city for money the city has already paid. The court based its ruling upon a finding that all taxpayers of the county received some benefit from the operation of the city assessor's office. It also found that the county assessor was the "successor" to the Ottumwa city assessor. The court believed there was support for its holding in 730 Iowa Admin.Code 71.-19(1)(c). This provision states: "Whenever the office of city assessor is abolished, all monies ... shall be transferred to the ... county assessor's office." We think this provision falls far short of establishing the Wapello County assessor as the successor to the Ottumwa city assessor. We can set aside the obvious question of whether an administrative regulation could accomplish such a purpose. We do not read the quoted rule as intending to do so. It says nothing about the debts of the city assessor's office. The provision merely provides for the disposition of any assets.

The trial court explained the primary reason for its determination this way:

The rationale for this ... determination is this. All of the defendants were receiving the benefits of the city's assessor's office while it was in existence. All taxpayers of Wapello County supported the city assessor's office by way of the office's general budget. It is assumed that the actual office maintenance was provided for only by the taxpayers of the

---

2. At 701 Iowa Administrative Code 71.19(1) there is a provision for mandatory repeal of the ordinance creating a city assessor if a city's population falls below 10,000.

city [441.16(4)] though again, all defendants derived benefits from the office. It also appears reasonable then that all Wapello County taxpayers pay for the award granted.

The trial court's rationale seems reasonable and would be an adequate basis for a legislative determination. But it runs afoul of a clear legislative pronouncement. Iowa Code section 441.16, which provides for the internal budgets of assessors, states in part:

> Any tax for the maintenance of the office of assessor and other assessment procedure shall be levied *only* upon the property in the area assessed by said assessor.

(Emphasis added.)

At the time the disputed expenses were incurred this statute plainly prohibited paying for them by a county-wide tax assessment; responsibility was strictly limited to the taxpayers whose property was assessed by the city assessor. We think a city simply cannot shift the responsibility for expenses already incurred to the whole county by abolishing the office. The trial court erred in holding otherwise.

■ III. The case must be remanded to district court for entry of judgment against the city. It is not necessary to reconstitute the city's conference board to levy the assessments necessary to pay these expenses as they become due. Under Iowa Code section 384.4 the city's debt service fund is to be maintained for, among other things, satisfaction of judgments against the city. The amounts to become due can be easily certified by the city and the necessary taxes can then be levied.

The fund still held by the county assessor which was paid to that office when the city assessor's office was closed shall also be paid into the city's debt service fund, to be used to satisfy this judgment.

Tax costs on appeal to the city.

REVERSED AND REMANDED.